IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SYLVIA SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:04-CV-811-A |
| | § | |
| RECREATIONAL SPORTS & IMPORTS | § | |
| DALLAS, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Recreational Sports & Imports Dallas, Inc., for summary judgment. The court, having considered the motion, the response of plaintiff, Sylvia Salazar, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On October 7, 2004, plaintiff filed her original petition in the 141st Judicial District Court of Tarrant County, Texas. On November 3, 2004, defendant filed its notice of removal, bringing the action before this court.

Plaintiff alleges that she was terminated from employment by defendant because she was pregnant. Plaintiff additionally alleges that she was denied the opportunity to receive pay raises in the eight to nine months prior to her termination because of

her sex. Plaintiff seeks to recover under Title VII, 42 U.S.C. §§ 2000(e) to 2000(e)-17.

## II.

### Grounds of the Motion

Defendant essentially urges three grounds in support of its motion. First, plaintiff cannot establish a prima facie case of discrimination based on pay issues or her termination. Second, even if plaintiff has established a prima facie case, she cannot overcome defendant's legitimate reason for terminating her or for failing to provide a performance review prior to her termination. And, third, plaintiff's Equal Pay Act claim fails as a matter of law.[1]

## III.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or

---

[1] Plaintiff's petition does not mention the Equal Pay Act. Nor does she address the issue of lack of pay raises in her response to defendant's motion for summary judgment. Rather, plaintiff addresses only the alleged discrimination in her termination from employment. Thus, she has abandoned any claim on the alleged lack of equal treatment in regard to pay.

2

more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

   The standard for granting a summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th

Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Defendant is an electronics distributor.  Plaintiff first started working for defendant as a temporary warehouse employee in February 2001.  She was hired for a permanent warehouse position in July 2001.  At the time, defendant had fulfillment operations on one side of the warehouse and general warehouse operations on the other.  Plaintiff was hired to work in the fulfillment section.  Plaintiff's employment was at-will. Plaintiff's duties on the fulfillment side involved pulling inventory for smaller orders and boxing the inventory for customer pickup.  Plaintiff typically pulled antennas weighing about ten pounds each and receivers weighing about six pounds each.  In late 2003, defendant discontinued a major contract and closed the fulfillment side of its warehouse operation. Plaintiff was moved to the general warehouse section, where duties were more labor-intensive.  The general warehouse employees were required to pull inventory, load and unload freight trucks, receive inbound shipments, restock the warehouse,

4

prepare packages for freight carrier pickup, and participate in cross-training projects to broaden capabilities and exposure. The duties included the lifting, pushing, and pulling of items weighing 25 pounds or more, as well as climbing.

On June 16, 2004, plaintiff's doctor placed her on medical restrictions related to her pregnancy, including no lifting, pushing, or pulling items weighing 25 pounds or more, and no climbing of ladders.  Each of those activities was a requirement of her job in the general warehouse.

On July 12, 2004, defendant informed plaintiff that it was considering letting her go due to her inability to perform her job functions.  Defendant told plaintiff that she could stay another week or two to give her a chance to find another job.  On July 13, 2004, plaintiff called to say that she would not be returning to work.  Nevertheless, defendant paid plaintiff for an additional two weeks.

V.

Discussion

To make out a prima facie case under Title VII, plaintiff must show that she is a member of a protected class, that she was qualified for her position, that she suffered an adverse employment action, and that persons outside the protected class were treated more favorably. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); Urbano v. Cont'l Airlines, Inc., 138 F.3d 204, 207 (5th Cir. 1998). To meet the last element, plaintiff must show that she was treated differently from other employees in "nearly identical" circumstances. Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 514 (5th Cir. 2001); Williams v. Trader Publ'g Co., 218 F.3d 481, 484 (5th Cir. 2000).

Defendant first contends that plaintiff cannot produce evidence to support the second element of her prima facie case, because she was not qualified for her position after being placed on restrictions by her doctor. In response, plaintiff points only to the testimony of a co-worker, Greg Jenkins, who testified, "[s]he did it alright" in response to the question "[d]id she seem to have any problems doing her job?" Pl.'s App. at 24.1. Jenkins testified that he never saw anyone criticize plaintiff for not working hard enough. He further testified that warehouse employees worked together to get their work accomplished. Id. at 25.1. Jenkins' testimony, however, is not sufficient to raise a genuine issue of material fact as to

6

whether plaintiff could perform the duties assigned to her. Jenkins admitted that plaintiff had problems picking up heavy boxes. Id. And, plaintiff herself testified that she could not pull heavy pallets, Id. at 16-17, and could not lift cable that weighed 40 pounds. Id. at 13. In fact, plaintiff specifically admitted that she could not perform all of her duties. Def.'s App. at 18. Thus, plaintiff cannot make out a prima facie case of discrimination.

Defendant additionally urges that plaintiff cannot make out a prima facie case, because she cannot show that persons outside the protected class were not similarly treated. Plaintiff does not address the issue. Plaintiff has not come forward with any summary judgment evidence regarding the treatment of similarly situated employees, if there were any. For this additional reason, her prima facie case fails.

Defendant alternatively argues that, even if plaintiff could establish a prima facie case, she cannot overcome defendant's showing of a legitimate, non-discriminatory reason for its actions.[2] See Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142-43 (2000). In response, plaintiff points to her deposition testimony that she never told anyone she could not perform the duties of her job, Pl.'s App. at 13, and Jenkins' testimony that he never saw anyone criticize plaintiff. Id. at 24. She also refers to a supervisor's email message noting that

---

[2]Defendant maintains that it released plaintiff, because she could not perform the duties required by her position in the general warehouse.

7

plaintiff could not perform the duties of her job and that the company had no obligation to keep her employed if she could not perform those duties.  Id. at 31.  The evidence is simply insufficient to raise a genuine fact issue that defendant's proffered reason for terminating plaintiff was false and that discrimination was the real reason for the decision to terminate her.  St. Mary's Honor Ctr., 509 U.S. at 511.  That the email message mentioned that plaintiff was pregnant and often sick does not change the fact that plaintiff could not perform the duties of her job.

Defendant finally argues that plaintiff cannot establish a claim under the Equal Pay Act, which would require that plaintiff show that she was subject to the Act, that she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions, and that she was paid less than an employee of the opposite sex providing the basis of the comparison.  Chance v. Rice Univ., 984 F.2d 151, 153 (5th Cir. 1993).  Plaintiff makes no response to this ground.  Nor does she attempt to show that she was discriminated against in regard to her pay as a result of her sex.  Defendant's summary judgment evidence establishes that plaintiff was not treated any less favorably than any other employee in terms of pay.

VI.

Order

For the reasons discussed herein,

8

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and that such claims be, and are hereby, dismissed.

SIGNED August   22  , 2005.

                                             /s/ John McBryde
                                          JOHN McBRYDE
                                          United States District Judge